IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Demetrius R. Spencer, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:22-cv-02531-BHH-MGB |
| v. ) | |
| ) | **Opinion and Order** |
| Katurah Gause, Dlaquanta K. Quick, ) | |
| Sharice L. Bennett, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Demetrius R. Spencer ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Pursuant to the provisions of Title 28, United States Code § 636(b)(1)(B), and the Local Rules, D.S.C., this matter was referred to a United States Magistrate Judge for consideration.

Now before the Court is Defendants Katurah Gause ("Gause"), Dlaquanta K. Quick ("Quick"), and Sharice L. Bennett's ("Bennett") (collectively, "Defendants") motion for summary judgment. (ECF No. 29.) Plaintiff filed a response in opposition, (ECF No. 33), and Defendants filed a reply. (ECF No. 36.)

On March 7, 2024, United States Magistrate Judge Mary Gordon Baker issued a thorough Report and Recommendation ("Report"), recommending that Defendants' motion for summary judgment be denied in part and granted in part. (ECF No. 37.) The Report sets forth, in detail, the relevant facts and standards of law on this matter, and the Court incorporates those facts and standards without a recitation. The Report recommends denying summary judgment as to Plaintiff's claims on the issue of exhaustion and as to Plaintiff's § 1983 failure to protect claim against Bennett. (*Id.*) The

Report recommends granting summary judgment as to all other claims, thereby dismissing Defendants Gause and Quick from this action. (*Id.*)

Plaintiff and Defendants filed timely objections to the Report. (ECF Nos. 39, 40.) Defendants also filed a response in opposition to Plaintiff's objections. (ECF No. 42.) For the reasons set forth herein, the Court adopts in part and declines to adopt in part the Report.

## Standard of Review

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## Discussion

### A. Plaintiff's Objections

#### 1. Defendant Gause

Plaintiff claims that "[t]he R&R erroneously states that there is no record evidence in defense of Associate Warden Gause's motion for summary judgment [DE37, pp.16-17," and Plaintiff "<u>objects</u> to this finding." (ECF No. 39 at 2) (emphasis in original).

Upon review, the Court finds that the Report makes no such finding. Rather, the Magistrate Judge noted that, in response to Defendants' motion, Plaintiff did not dispute Defendants' assertion that Gause is entitled to summary judgment as to direct liability, and Plaintiff only provided arguments in support of his claims against Defendants Bennett and Quick. (ECF No. 37 at 17.) The Magistrate Judge further observed that:

> Plaintiff's characterization of his claims and his arguments in support thereof clarify that he is only alleging the following claims in this action: (1) a § 1983 deliberate indifference failure to protect claim against Defendant Bennett; and (2) a § 1983 claim for deliberate indifference to a serious medical need against Defendant Quick.

(*Id.*)

Indeed, this Court's *de novo* review of Plaintiff's response confirms that Plaintiff did not argue or cite to James Aiken's "preliminary expert report" in support of a § 1983 supervisory liability claim against Gause. Instead, Plaintiff articulated and provided arguments in support of § 1983 claims against Bennett and Quick. (*See generally* ECF No. 33.) Plaintiff also stated that he can prevail on his claims against Bennett and Quick without the use of James Aiken's testimony. (*Id.* at 23.) Thus, the Magistrate Judge properly considered all the arguments raised and evidence presented to the Court by Plaintiff in support of his claims against Bennett and Quick.

Now, for the first time in his objections, Plaintiff argues that Aiken's "preliminary expert report" creates a jury question as to Defendant Gause's § 1983 liability to Plaintiff from a supervisory standpoint. (ECF No. 39 at 2-5.) Seeing that this issue was not presented to the Magistrate Judge for consideration, the Court will refer this matter back to the Magistrate Judge solely for purposes of addressing this argument and Aiken's "preliminary expert report" and making a recommendation as to whether Defendants are entitled to summary judgment on this claim against Defendant Gause.

## 2. Defendant Quick

Plaintiff's second and final objection is to the Report's finding that summary judgment is appropriate as to Plaintiff's § 1983 claim for deliberate indifference to a serious medical need against Defendant Quick. According to Plaintiff, the Magistrate Judge committed error by finding that Plaintiff "has not shown that his medical needs were not addressed 'within a reasonable time frame.'" (ECF No. 37 at 30 (quoting *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890 (6th Cir. 2004)).[1] Plaintiff argues that "this determination, of reasonableness, is a jury question." (ECF No. 39 at 5-6.)

The Magistrate Judge reviewed Plaintiff's assertions and medical records and found that there was no evidence, even when construed in the light most favorable to Plaintiff, to support that Defendant Quick was deliberately indifferent to Plaintiff's serious medical needs. The Magistrate Judge examined the case law cited by Plaintiff – *Gibson* and *Blackmore* – wherein the plaintiffs had suffered for five days and two days, respectively, before receiving medical treatment. She then concluded that, even under

---

[1] *Blackmore* is a Sixth Circuit case; however, it is discussed by the court in *Gibson v. Laurens Cnty. Det. Ctr.*, No. 2:10-cv-2132-RBH, 2011 WL 3903061 (D.S.C. June 14, 2011), the District of South Carolina case Plaintiff cited to in support of this claim.

4

the *Blackmore* reasoning, Plaintiff has not shown that his medical needs were not addressed within a reasonable time frame, noting that the undisputed facts show that Plaintiff was treated one hour after the assault for bruising, swelling, and a 1cm laceration on his face. (ECF No. 37 at 30-31.)

After *de novo* review, the Court finds that the record does not support a finding that Defendant Quick acted in a way that was deliberately indifferent to a serious medical need. A review of Plaintiff's response to Defendant's motion indicates that Plaintiff is asserting a delayed treatment claim against Defendant Quick. (ECF No. 33 at 22.) Plaintiff argues that his assertions are enough to survive summary judgment because Defendant "Quick has not submitted any proof . . . that refutes [his] allegations" as to the one-hour delay. (*Id.*) Plaintiff contends, therefore, that under *Gibson*, "his proof establishes a jury question as to whether Quick acted with deliberate indifference when she observed [Plaintiff] bleeding, with stab wounds in critical areas of his body, and failed to render aid for at least an hour thereafter." (*Id.* at 23.) According to Plaintiff, he "need not prove that the 'delay' exacerbated his injuries." (*Id.* at 22.) The Court disagrees and overrules Plaintiff's objection.

To state an Eighth Amendment claim, an inmate must allege facts showing "(1) that *objectively* the deprivation of a basic human need was 'sufficiently serious,' and (2) that *subjectively* the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (emphasis added)).

As to the objective prong, "[a] serious medical need is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that even a lay person

5

would easily recognize the necessity for a doctor's attention." *Creech v. Nguyen*, 153 F.3d 719, 1998 WL 486354, at *5 (4th Cir.1998). Here, Plaintiff contends that he was profusely bleeding and had stab wounds about his head and face. (ECF No. 33-1 at 4.) Plaintiff's medical records, however, reflect that Plaintiff was treated for bruising and swelling to his face and a 1cm laceration above his right eyebrow. (ECF No. 29-3 at 9.) He was given an ice pack, ibuprofen, and Dermabond was applied to his cut. (*Id.* at 10.) The Court notes that it is unlikely that the cut that Plaintiff sustained from the assault is a sufficiently serious medical condition to satisfy the objective element of his deliberate indifference claim. *See, e.g., Cureton v. Unnamed Defendant*, No. 5:24-CV-94-GCM, 2024 WL 2278704, at *4 (W.D.N.C. May 20, 2024) (finding it unlikely that a "deep cut" on the side and arm is a sufficiently serious medical condition); *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988) (affirming finding of "no serious medical needs" where pretrial detainee had cut over one eye, a quarter-inch piece of glass in palm, and was required to wait fourteen hours before being given treatment); *Shelton v. Angelone*, 148 F. Supp. 2d 670, 679 (W.D. Va. 2001) (finding that three cuts on the wrist, which were bleeding, and two sets of marks from a stun gun were not serious medical needs, even though plaintiff did not get treatment until days later and the injuries left permanent scars). However, the Court's rationale for granting summary judgment on this claim is not based on a finding that Plaintiff had no serious medical needs post-assault.

Rather, the Court finds that the delay between the end of the assault on Plaintiff and his receipt of medical treatment did not constitute deliberate indifference to his health or safety. The Fourth Circuit recently explained that "mere delay" in medical treatment, without more, is not deliberate inference to a serious medical need. *Moskos v. Hardee*,

24 F. 4th 289, 298 (4th Cir. 2022). Rather, the objective prong requires a plaintiff to show that the delay put him at "'substantial risk' of 'serious harm.'" *Id.* (quoting *Moss v. Harwood*, 19 F.4th 614, 624 (4th Cir. 2021)). *See also Evans v. S.L.R. Det. Ctr.,* No. 4:17-CV-2731-HMH-TER, 2019 WL 1026362, at *6 (D.S.C. Jan. 24, 2019) ("Intentionally delaying access to medical care demonstrates deliberate indifference only if the delay results in some substantial harm."), *R&R adopted sub nom. Evans v. Abraham*, No. CV 4:17-2731-HMH-TER, 2019 WL 1022141 (D.S.C. Mar. 4, 2019). "A commonplace medical delay such as that experienced in everyday life will only rarely suffice to constitute an Eighth Amendment violation, absent the unusual circumstances where the delay itself places the prisoner at 'substantial risk of serious harm,' such as where the prisoner's condition deteriorates markedly or the ailment is of an urgent nature." *Moskos*, 24 F.4th at 298.

Upon close review of the record, the Court finds that Plaintiff has failed to show how the one-hour delay was attributable to Defendant Quick's deliberate indifference rather than negligence or how the one-hour delay placed him at a substantial risk of serious harm.[2] *See Kane v. Hargis*, 987 F.2d 1005, 1009 (4th Cir. 1993) (holding that alleged delays in providing adequate care also do not rise to the level of deliberate indifference where the delay does not cause further injury); *Coats v. Pope*, No. 1:17-cv-

---

[2] For reference, the Fourth Circuit recently identified scenarios in which substantial harm existed for purposes of the Eighth Amendment:

> And the facts here do not remotely resemble cases where we have found the objective prong to be met, as with an inmate who collapsed and subsequently died after the use of pepper spray, *see Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008), or an inmate who was denied medical attention for several days while vomiting blood, *see Scinto*, 841 F.3d at 231–32.

*Moskos*, 24 F.4th at 298.

7

02930-TLW, 2019 WL 5586871, at *6-7 (D.S.C. Oct. 30, 2019) (denying defendants' motion for summary judgment, finding plaintiff's "vomiting, inability to walk or stand, delirious look on his face, inability to speak, and seizures" were obvious signs of a substantial risk of harm from a forty-three minute delay in calling for medical assistance); *Brown v. Mitchell*, 327 F. Supp. 2d 615, 652 (E.D. Va. 2004) (finding triable issue of deliberate indifference where prisoner was suffering from "heavy sweating, vomiting, incoheren[t], and [unable] to walk" but patrolling guards "took virtually no action in response").

Accordingly, for the reasons set forth in this Order, the Court finds that the Magistrate Judge correctly recommended granting summary judgment on Plaintiff's § 1983 claim against Defendant Quick. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"). Thus, the Court finds Plaintiff's final objection is without merit.

**B. Defendants' Objections**

To recap, the Magistrate Judge recommended denying Defendants' motion for summary judgment for failure to exhaust administrative remedies. After a detailed review of the evidence submitted by the parties relevant to the exhaustion issue, the Magistrate Judge determined that there was evidence in the record to support that Plaintiff exhausted his administrative remedies with respect to the underlying incident. Further, she determined that Plaintiff had shown, by a preponderance of the evidence,[3] that the

---

[3] *See Drayton v. Newman*, No. 7:22-CV-00574, 2024 WL 3274790, at *1 (W.D. Va. July 2, 2024) (noting that "the burden shifts to the plaintiff to demonstrate, by a preponderance of the evidence, that the

administrative remedy process was not available to him. Accordingly, she recommended that summary judgment be denied on this issue, that the Court find that Plaintiff's administrative remedies were effectively unavailable, and that the Court find that a hearing on this issue is not necessary. Additionally, the Magistrate Judge recommended denying Defendant's motion for summary judgment as to Plaintiff's § 1983 deliberate indifference failure to protect claim against Defendant Bennett.

Defendants filed lengthy objections to these findings and recommendations by the Magistrate Judge, focused mostly on the exhaustion issue. (*See* ECF No. 40.) For the reasons set forth below, Defendants' objections are overruled.

**1. Exhaustion**

Defendants' objections with regard to the exhaustion issue can be summarized as follows: that the Magistrate Judge applied an erroneous standard of Rule 56 in evaluating conflicting evidence of exhaustion; that she failed to review the totality of the facts surrounding exhaustion; that she failed to recognize that a determination that a grievance process is "unavailable" should be a rare and uncommon finding; and that she failed to grant Defendants' request for an evidentiary hearing. (*Id.* at 6-24.)

The Court has conducted a *de novo* review of the record, the applicable law, and the Report of the Magistrate Judge. Having done so, the Court agrees with the recommendations of the Magistrate Judge with regard to exhaustion and incorporates this portion of the Report into this Order. The Court finds that genuine issues of material

---

administrative remedy was not actually 'available' to him because he was prevented, 'through no fault of his own, ... from availing himself of it.'" (quoting *Moore v. Bennette,* 517 F.3d 717, 725 (4th Cir. 2008))).

fact exist so as to preclude summary judgment in Defendants' favor and that Plaintiff's administrative remedies should be deemed exhausted.

The record reveals that Plaintiff filed at least two grievances in November 2019, alleging misconduct specific to the assault at issue, and the response he received stated that the grievances were being returned to Plaintiff as unprocessed because they did not include sufficient evidence of attempted informal resolution. However, as the Magistrate Judge correctly pointed out, it is unclear as to whether an informal resolution was required. The Inmate Grievance System ("IGS") at the South Carolina Department of Corrections requires that inmates initially attempt to resolve grievances informally; however, informal resolution is not required when the matter involves allegations of criminal activity and/or misconduct of officers. In any event, Plaintiff filed another grievance on December 12, 2019, which was considered duplicative of his November filings. This grievance was submitted as an emergency to the IGS; however, it was processed such that Plaintiff was allowed to file a timely a Step 2 grievance on January 29, 2020, and a final disposition denying the appeal was served on February 27, 2020. Based on this evidence, the Court agrees with the Magistrate Judge that "it appears that Plaintiff completed the administrative process concerning his December 12, 2019, grievance about the underlying incident" and that summary judgment in favor of Defendants should be denied on this basis. (ECF No. 37 at 13.)

In the alternative, to the extent Plaintiff failed to exhaust his administrative remedies by not timely filing a grievance, the Magistrate Judge found that "Plaintiff has shown, *by a preponderance of the evidence*, that the [IGS] operated as a 'dead end' in

this instance such that the administrative remedy process was unavailable to Plaintiff." (*Id.*) (emphasis added.) The Court agrees.

First, the Report concluded that the evidence presented by Defendants supports that "Plaintiffs' grievances should not have been repeatedly rejected for failure to attempt informal resolution," given the incident at issue and alleged employee misconduct. (*Id.* at 14.) Second, the Report found that the evidence supports a finding that "Plaintiff had reasonable cause for the late filings of his grievances because he was in lock up." (*Id.*) Moreover, the Report pointed out that none of Plaintiff's grievances or inmate requests that he submitted about the underlying incident were rejected for reasons of untimeliness. (*Id.* at 14-15.) Indeed, Plaintiff's December 12, 2019, grievance was accepted and processed. (*Id.* at 15.) Accordingly, the Magistrate Judge rightly found that "it would be inconsistent for the Court to now consider [the December 12, 2019,] grievance as improper based on the time of its filing." (*Id.*) Thus, the Magistrate Judge properly concluded that "Plaintiff's administrative remedies were effectively unavailable." (*Id.*)

The Magistrate Judge also determined that an evidentiary hearing was unnecessary to determine whether Plaintiff has exhausted his administrative remedies. Defendants object and reiterate that the Court should conduct an evidentiary hearing prior to deciding this issue. However, based upon the facts and evidence in the record, as summarized above, the Court agrees with the recommendation of the Magistrate Judge that an evidentiary hearing is unnecessary to decide the exhaustion issue.[4] (*See* ECF

---

[4] "[E]xhaustion of administrative remedies under the PLRA is a question of law to be determined by the judge," *Drippe v. Tobelinski*, 604 F.3d 778, 782 (3d Cir. 2010), and "judges may resolve factual disputes relevant to the exhaustion issue without the participation of a jury," *Woodhouse v. Duncan*, 741 F. App'x 177, 178 (4th Cir. 2018) (brackets omitted) (quoting *Small v. Camden Cnty.*, 728 F.3d 265, 271 (3d Cir. 2013)). Where, as here, "the plaintiff survives summary judgment on exhaustion, the judge may resolve disputed facts concerning exhaustion, holding an evidentiary hearing if necessary." *Turner v. Clelland*, No. 1:15cv947, 2016 WL 6997500, at *12 n.16 (M.D.N.C. Nov. 30, 2016) (quoting *Dillon v. Rogers*, 596 F.3d

11

No. 37 at 15-16.) See *Kough v. S.C. Dep't of Corr.*, No. 0:17-cv-2938-JFA-MGB, 2020 WL 1283710, at *4 (D.S.C. Mar. 18, 2020) (agreeing with the Magistrate Judge's conclusion that the administrative remedy process was effectively unavailable to plaintiff and deciding, without holding an evidentiary hearing, that plaintiff's suit should not be barred and adopting the Report's recommendation that defendants' motion for summary judgment on the issue of exhaustion be denied); *Brown v. South Carolina Dep't of Corrs.*, No. 2:18-cv-1022-DCN-MGB, 2020 WL 5249224, at *3 (D.S.C. Sept. 3, 2020) (clear error review) (adopting portion of R&R that found plaintiff's claims were not barred because plaintiff's administrative remedies were effectively unavailable to him and recommended denying both defendants' motion for summary judgment and request for an evidentiary hearing on the issue of exhaustion).

### 2. Defendant Bennett

As to the recommendation that Defendant's motion for summary judgment be denied with regard to Plaintiff's § 1983 claim against Defendant Bennett, Defendants contend that the "R&R erroneously accepted [Plaintiff]'s self-serving statements to establish a standard of care for a correctional officer, and evidence of a breach of that standard of care." (ECF No. 40 at 24.) In sum, relying on cases outside the Fourth Circuit, Defendants argue that this claim must be dismissed in the absence of expert testimony. (*Id.* at 25.) Upon *de novo* review, the Court disagrees.

The Magistrate Judge concluded that there is a genuine issue of material fact as to whether Defendant Bennett knew of and disregarded a substantial risk of harm to

---

260, 273 (5th Cir. 2010)), adopted by 2017 WL 913630 (M.D.N.C. Mar. 3, 2017). Such questions of law arising in prisoner civil rights actions also may be referred to a magistrate judge for factual development and preparation of a report making proposed findings of fact, conclusions of law, and a recommended disposition of the issue. *See, e.g., Woodhouse*, 741 F. App'x at 178-79.

Plaintiff when Bennett allegedly unlocked Plaintiff's and the other inmates' cell doors and ran from the area immediately prior to the attack on Plaintiff. (ECF No. 37 at 25.) In so finding, the Magistrate Judge examined Plaintiff's affidavit testimony and correctly noted that Defendants do not provide any evidence to support their claim that Bennett left the area to call for assistance or to directly refute Plaintiff's affidavit testimony as to Bennett's knowledge of the gang members hostility towards Plaintiff or Bennett's actions on the day of the attack. (*Id.* at 26.) Upon close review, the Court finds that the record evidence, viewed in the light most favorable to Plaintiff, supports that, at a minimum, Bennett had an "inkling that the attack was going to occur." *James v. Cartledge*, No. 9:15-cv-0625-TLW-BM, 2016 WL 1448557, at *7 (D.S.C. Mar. 2, 2016), *R&R adopted*, 2016 WL 1427391 (D.S.C. Apr. 12, 2016), *aff'd*, 669 F. App'x 674 (4th Cir. 2016.) Thus, the Magistrate Judge properly found that genuine disputes of material fact underlie Plaintiff's §1983 claim against Bennett. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986) (explaining that factual disputes are "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). Thus, the Court finds this objection is without merit.

## Conclusion

For the foregoing reasons, the Court **adopts in part and declines to adopt in part** the Magistrate Judge's Report. (ECF No. 37.) The Court adopts as Order of the Court the Report's findings as to exhaustion and Plaintiff's § 1983 claims against Defendants Bennett and Quick. The Court declines to adopt the Report's findings as to Plaintiff's § 1983 claim against Defendant Gause. Instead, the Court **remands** the matter back to the Magistrate Judge solely for purposes of addressing Plaintiff's argument and Aiken's

"preliminary expert report" and making a recommendation as to whether Defendants are entitled to summary judgment on Plaintiff's § 1983 claim against Defendant Gause. Accordingly, the Court **grants in part and denies in part** Defendants' motion for summary judgment. (ECF No. 29). The Court **denies** Defendants' motion for summary judgment on the issue of exhaustion and Plaintiff's § 1983 claim against Defendant Bennett and **grants** Defendants' motion for summary judgment on Plaintiff's § 1983 claim against Quick. The Court hereby dismisses Defendant Quick from this action.

**IT IS SO ORDERED.**

/s/ *Bruce Howe Hendricks*
United States District Judge

August 27, 2024
Charleston, South Carolina