IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Demetrius R. Spencer, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:22-cv-2531-BHH |
| v. ) | |
| ) | **ORDER** |
| Katurah Gause, Dlaquanta K. Quick, ) | |
| Sharice L. Bennett, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Demetrius R. Spencer's ("Plaintiff") complaint filed pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary determinations.

On March 7, 2024, the Magistrate Judge issued a report and recommendation ("Report") outlining Defendants' motion for summary judgment and recommending that it be granted in part and denied in part. (ECF No. 29.) On August 17, 2024, the undersigned issued an order adopting in part and declining to adopt in part the Report. (ECF No. 43.) Specifically, the undersigned adopted the Report's findings as to exhaustion and Plaintiff's § 1983 claims against Defendants Bennett and Quick but declined to adopt the Report's findings as to Plaintiff's § 1983 claim against Defendant Gause and remanded that matter to the Magistrate Judge for further consideration. (*Id.* at 13-14.)

On November 12, 2024, the Magistrate Judge issued a subsequent Report recommending that the Court grant Defendants' motion for summary judgment as to Plaintiff's § 1983 claim against Defendant Gause and dismiss Gause from this action. (ECF No. 46.) Attached to the Magistrate Judge's Report was a notice advising the parties

of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no party has filed objections to the Report, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 46), and the Court finds that Defendants are entitled to summary judgment as to Plaintiff's § 1983 claim against Defendant Gause.** Therefore, Defendant Gause is dismissed from this action.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

December 4, 2024
Charleston, South Carolina